UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

DAVID E. YOUNG,                     )
                                    )
        Plaintiff,                  )    Civil Action No. 08-350-JMH
                                    )
v.                                  )         **MEMORANDUM OPINION**
                                    )            **AND ORDER**
MICHAEL J. ASTRUE, COMMISSIONER )
OF SOCIAL SECURITY,                 )
                                    )
        Defendant.                  )

**       **       **       **       **

This matter is before the Court on cross motions for summary judgment [Record Nos. 11 & 14][1] on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits.  The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed for a period of disability and disability insurance benefits on March 28, 2003, alleging onset of disability of October 12, 2000, due to bipolar disorder and substance abuse in remission.  [AR 85, 99.]  Plaintiff's application was denied upon initial application and reconsideration.  [AR 71-73, 76-78.] Hearings on his application were held on August 31, 2004, and June 24, 2005.  His application was subsequently denied by

_____

[1]  These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

Administrative Law Judge ("ALJ") Ronald M. Kayser on July 16, 2005. [AR 44-50.]  On November 21, 2005, the Appeals Council reviewed Plaintiff's request for review and remanded the case for further proceedings.  [AR 311-13.]  ALJ Kayser held a second hearing on December 8, 2006, and again denied benefits on January 5, 2007. [AR 18-25.]  On June 24, 2008, the Appeals Council denied Plaintiff's request for review of the ALJ's second decision.  [AR 10-13.]  Plaintiff timely pursued and exhausted his administrative and judicial remedies, and this matter is ripe for review and properly before this Court under § 205(c) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff was 46 years old as of the date of ALJ Kayser's decision.  [AR 85.]  He graduated from high school in June 1979. [AR 105.]  He worked as a picture framer, electronics technician, and volunteer firefighter.  [AR 100.]  Additionally, Plaintiff served in the U.S. Navy for two years and received an Associate Degree in Electronics through the Navy.  [AR 100, 145.]  He continues to work as a volunteer firefighter two to three days a month.  Plaintiff transported bodies for the county coroner and trained to be an EMT, but could not pass the test.  Plaintiff helped at a donation center by mowing grass, unloading trucks, and moving boxes.  [AR 21.]

Dr. Robert Bunge, M.D., a board certified psychiatrist, diagnosed Plaintiff with bipolar disorder, attention deficit

-2-

hyperactivity disorder ("ADHD"), marital problems, and marijuana abuse. [AR 287.] He was prescribed Depakote, Lexapro, and Zyprexa. Dr. Bunge rated as poor Plaintiff's ability to understand, remember, and carry out instructions, respond appropriately or get along with others.

Plaintiff was referred to Dr. Melissa Couch, Ph.D., a psychologist, for a consultative examination. Dr. Couch diagnosed bipolar disorder, ADHD, and prior history of alcohol and cannabis abuse. [AR 272-85.] Notably, she assessed as poor Plaintiff's ability to maintain the attention needed to perform unskilled work and maintain regular attendance. Dr. Couch also rated as poor Plaintiff's ability to accept instructions and get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, in an unskilled work environment.

Dr. Chris Catt, Psy.D., a licensed clinical psychologist, diagnosed bipolar disorder and ADHD after a consultative examination. Dr. Catt rated Plaintiff with poor ability to use judgment, deal with work stresses, and maintain concentration or attention. [AR 240-49.] He rated as fair Plaintiff's ability to follow work rules, relate to co-workers, deal with the public, interact with supervisors, and function independently.

Dr. Doug McKeown, Ph.D., a clinical psychologist, reviewed Plaintiff's medical records and testified as a medical expert. Dr. McKeown reported that Plaintiff has bipolar disorder and a history

of substance abuse.  [AR 296-309.]  He rated as good Plaintiff's ability to follow work rules and relate to co-workers.  Dr. McKeown also rated as fair-to-good Plaintiff's ability to deal with the public, interact with supervisors, and function independently.  He rated as fair Plaintiff's ability to use judgment, deal with work stresses, and maintain attention and concentration.  Dr. McKeown assessed as fair Plaintiff's ability to understand, remember, and carry out complex job instructions.  He rated as good Plaintiff's ability to understand, remember, and carry out detailed, but not complex, and simple job instructions.

On December 8, 2006, Joyce Forrest, a vocational expert, testified that a person of Plaintiff's age, education, and work experience, with no exertional limitations, would be able to perform his past work as a picture framer, electronics technician, and volunteer firefighter.  [AR 412-14.]

Plaintiff alleges disability due to bipolar disorder and substance abuse in remission.  On January 5, 2007, the ALJ made the following findings of fact in determining Plaintiff was not entitled to disability benefits:

> 1.  The claimant meets the insured status requirements of the Social Security Act through March 31, 2005.
>
> 2.  The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b) and 404.1571 *et seq.*).
>
> 3.  The claimant has the following severe impairments: bipolar disorder, drug and alcohol abuse in remission (20 CFR 404.1520(c)).

-4-

4.   The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5.   After careful consideration of the entire record, the undersigned finds that the claimant has no exertional limitations.   The claimant's ability to perform work-related mental activities on a day-to-day basis in a regular work setting is described in the following terms. Very good (unlimited ability to function in this area); Good (more than satisfactory ability to function in this area); Fair (satisfactory ability to function in this area); Poor (limited but not totally precluded ability to function in this area); and None (no useful ability to function in this area).   In making occupational adjustments, the claimant has good ability to follow work rules, relate to co-workers, good to fair ability to deal with the public, interact with supervisors and function independently and he has fair ability to use judgment, deal with work stresses and maintain attention and concentration.   In making job performance adjustments, the claimant has fair ability to understand remember and carry out complex job instructions and good ability for detailed but not complex and simple job instructions.   In making personal and social adjustments the claimant would have good to fair ability to maintain personal appearance, fair ability to behave in an emotionally stable manner, and good to fair ability to relate predictably in social situations and demonstrate reliability.

6.   The claimant is capable of performing past relevant work as a picture framer, and electronics technician and a volunteer firefighter.   This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7.   The claimant has not been under a "disability," as defined in the Social Security Act, from October 12, 2000 through the date of this decision (20 CFR 404.1520(f)).

Plaintiff argues the ALJ's decision did not adhere to the

Appeals Council's remand order.  Specifically, Plaintiff claims the

ALJ's decision was not based on substantial evidence because the

-5-

ALJ improperly relied upon Dr. McKeown's opinion over all other medical opinions.

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.

2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.

3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.

4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled. If so, proceed to step 5.

5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110

-6-

(6th Cir 1994).

### III.  STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### IV. ANALYSIS

Plaintiff argues that ALJ Kayser's decision was not supported by substantial evidence because he failed to adhere to the Appeals Council's remand order when he relied on Dr. McKeown's opinion and rejected the opinions of Drs. Bunge, Catt, and Couch.  The Commissioner argues that ALJ's decision complied with the Appeals Council's remand order and that the ALJ's decision was supported by substantial evidence because Dr. McKeown's assessment deserved

-7-

greater weight than the other medical opinions of record.

## A.  COMPLIANCE WITH REMAND ORDER

The ALJ's decision complied with the Appeals Council's remand order.  The Appeals Council remanded the claim after the ALJ's first decision because that decision was too conclusory.  ALJ Kayser failed to discuss specific inconsistencies in the treating physician's records before giving controlling weight to the opinions of Dr. McKeown, a non-treating psychologist. Additionally, ALJ Kayser's basis for stating that Dr. McKeown was the most highly qualified of the physicians was not clearly explained.  The Appeals Council also noted that the ALJ improperly restricted Plaintiff to medium work without identifying a physical impairment which would cause significant exertional limitations. The Appeals Council ordered the ALJ to give further consideration to these issues and, if necessary, obtain additional evidence.

In the latest decision, ALJ Kayser fully explained why he rejected the opinions of the treating and consulting physicians. He also explained why he believed Dr. McKeown's testimony was most consistent with the record.  The problem with the first decision was not that the ALJ gave significant weight to Dr. McKeown's opinions.  Rather, the error was affording significant weight without explanation.  The ALJ corrected this problem and the Appeals Council has since reviewed the latest decision and found no reason to remand.  Contrary to Plaintiff's arguments, the ALJ was

-8-

not required to obtain additional evidence. The record was sufficiently complete to allow the ALJ to make a decision. ALJ Kayser complied with the Appeals Council's remand order.

**B. MEDICAL OPINIONS OF RECORD**

Substantial evidence supports the ALJ's decision to discredit the opinions of Drs. Bunge, Catt, and Couch. The opinions of treating physicians are entitled to much deference, *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); however, the deference given to a particular physician's opinion depends upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source, and other factors. *See* 20 C.F.R. § 404.1527(d); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1997).

In this case, the ALJ discounted the medical opinions of Drs. Catt, Couch, and Bunge, in favor of Dr. McKeown's conflicting opinion. The ALJ resolved this conflict in the Commissioner's favor because Dr. McKeown's opinion was more consistent with the entire record. Drs. Catt and Couch conducted consultative examinations of Plaintiff. Their assessments were undermined by the fact that neither doctor was aware of Plaintiff's actual level of activity. Plaintiff failed to report to the consulting physicians that he volunteered as a firefighter, helped at a

-9-

donation center, and helped tend the grounds at his church, among other activities. Dr. Bunge, Plaintiff's treating physician, was informed of Plaintiff's level of activity but his opinion was discounted by the ALJ because it was inconsistent with the record. Dr. Bunge's opinion conflicted with earlier assessments found in his treatment notes. His treatment notes reflected more ability by the Plaintiff to do work-related activities than his ultimate assessment indicated. Additionally, the dosage of medications prescribed by Dr. Bunge implied less impairment than Dr. Bunge's assessment suggested. In essence, the consulting and treating physicians' opinions were not fully informed and were inconsistent with the record, and thus were not entitled to deference. *See* 20 C.F.R. §§ 404.1527(d)(3)-(4), 416.927(d)(3).

Dr. McKeown's opinion was the only medical opinion that warranted significant weight. As a clinical psychologist, Dr. McKeown credibly testified regarding Plaintiff's bipolar disorder, ADHD, and substance abuse history. Moreover, his expertise allowed him to review the treatment notes in the record, account for Plaintiff's range of activities, and assess his ability to do work-related activities. Importantly, and in contrast to the consultative physicians, Dr. McKeown knew that Plaintiff was involved in wide-ranging activities that indicated a greater ability to work. Plaintiff argues that his ability to take part in certain activities is not an important factor because none of the

activities represented gainful employment.  His level of activity, however, was also medically relevant because it indicated the gravity of his impairments.  Furthermore, the ALJ was obliged to consider Plaintiff's level of activity to determine his ability to work.  Dr. McKeown's opinion was more reliable than the other medical opinions because it was based on a complete picture of Plaintiff's impairment, limitations, abilities, and treatment history.  The record as a whole supported ALJ Kayser's decision to give significant weight to Dr. McKeown's opinion over the other medical opinions.  *See* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4).  In other words, there is more than a scintilla of evidence in the record that a reasonable mind would accept as adequate to support the ALJ's decision.

**V. CONCLUSION**

The ALJ's decision to deny disability benefits, because Plaintiff was capable of performing past relevant work, was supported by substantial evidence.  For the foregoing reasons, the opinion of the Commissioner will be affirmed.

Accordingly, **IT IS ORDERED:**

(1)  That the Commissioner's motion for summary judgment [Record No. 14] be, and the same hereby is, **GRANTED.**

(2)  That Plaintiff's motion for summary judgment [Record No. 11] be, and the same hereby is, **DENIED.**

This the   day of May, 2009.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge